IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDGAR TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  3:08-CV-00200-DRH-DGW |
| ) | |
| JO GULLEY ANCELL, et al. ) | |
| ) | |
| Defendants. ) | |

**PROTECTIVE ORDER**

Pending before the Court is the parties' Motion for Entry of Protective Order (Doc. 80). Plaintiff Edgar Tate ("Plaintiff") and Defendants Jo Gulley Ancell, Jeff Standerfer, Al Farmer, Eugene Davis, Lorie Willcutt (formerly Humphrey), Kim Evans, Addus Healthcare, Inc., and the Department of Human Services, Division of Rehabilitation Services ("Defendants") (collectively, the "Parties") believe that they will or may be required to disclose, in the above-captioned litigation, highly sensitive, private, business, commercial and/or financial information of a proprietary or confidential nature relating to the subject matter of this litigation.

In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is good cause to enter an order protecting the parties' confidential information.  Wherefore, the Court hereby **GRANTS** the parties' Motion for Entry of Protective Order (Doc. 80).  The parties are reminded that should any disputes arise regarding the scope or application of this protective order, they are required to contact the Court before filing a motion.

**IT IS HEREBY ORDERED:**

1. Any documents or testimony using client names or otherwise revealing client names, any personnel records containing individual employee names, and any proprietary business information, produced by a party or a non-party who is subpoenaed to give testimony or

documentary evidence may be deemed "confidential information" by that party or subpoenaed non-party who provides the information, except in cases where the names and other identifiers have been deleted from the personnel records or documents containing client-identifiers, or in cases where the claimed proprietary business information is already known to persons outside the central group of decision-makers for the business with respect to the particular proprietary information in question. Business information shall be considered "proprietary" for the purpose of this document, if it is information that is shared within the business only on a need to know basis, and if revealing the information publicly is likely to have a direct effect on the business. The designation is not meant to protect management personnel from embarrassment or possible revelations of wrongdoing.   In addition, any copy of such information, or summary compilation which: identifies individual clients, reveals personally identifiable personnel information not otherwise known by non-management personnel, or reveals proprietary business information known only to the central group of decision-makers for the business. This applies to any information or materials produced as a part of discovery in this action.

2. Any information which does not fall within the scope of paragraph 1 may be deemed confidential, if the party seeking to label the information confidential obtains a specific order from the Court to seal that information.

3. A party producing documents containing what it claims to be Confidential Information shall stamp each page of such documents as "Confidential" prior to remitting the documents to the other party, or alternatively mark each such document with a large red capital

4. In the case of depositions, designation of the portion of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record during the course of the deposition or upon review of such transcript by counsel for

the Parties so long as such designation is made within 30 days of the deposition. Counsel shall inform opposing counsel by letter, within 30 days of the deposition, of the page numbers and line numbers of the transcript containing Confidential Information so that such list of page and line numbers may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "Confidential". If no designation is made within 30 days of the deposition, the transcript shall be treated as if it contains no Confidential Information.

     5. *Any* party may challenge the designation of a piece of discovery information as "Confidential" at any time during the course of the proceedings in this case and seek a Court Order removing the "Confidential" label from the document, provided that seven day notice is given to the other parties before such motion is filed in court. The reasons for challenging a Confidential designation include a claim that the documents, materials, items and/or information in question do not meet the definition in paragraphs 1 or 2, but the reasons need not be so limited and may be addressed to the plain meaning of the word "confidential". However, absent a successful challenge, any documents, materials, items and/or information designated as "Confidential" shall be used by the Parties solely in connection with this litigation, and not for any business, personal, competitive or other purpose or function, and such information shall not be disclosed to anyone except as provided herein.

     6. The Parties agree that documents or material (including portions of deposition transcripts) designated as "Confidential", or information derived therefrom, may be disclosed or made available by the party receiving such information only to the following:

          (a)     the Court (at any trial or hearing and in the manner provided below);

(b)  counsel to the Parties in this action and the paralegal, clerical and secretarial staff employed by such counsel and working under the direct supervision of such counsel;

(c)  court reporters;

(d)  those agents, officers, directors, and employees of the Parties to this action deemed necessary to aid counsel in the prosecution and defense of this action to the extent necessary to perform such work;

(e)  witnesses and prospective witnesses in this action who do not fall within 6(d) above provided that, prior to the disclosure to such witness of any information or material designated as "Confidential", counsel for the party proposing to make such disclosure shall deliver a copy of this stipulated protective order to such person and explain its terms to such person and have such person execute a copy of Exhibit "A" to this stipulated protective order to show his or her agreement to be bound by the terms herein;

(f)  outside experts, consultants and/or translators consulted by the Parties or their counsel in connection with this litigation, whether or not retained to testify at trial provided that, prior to the disclosure to such person of any information or material designated as "Confidential," counsel for the party proposing to make such disclosure shall deliver a copy of this stipulated protective order to such person and explain its terms to such person and have such person execute a copy of Exhibit "A" to this stipulated protective order to show his or her agreement to be bound by the terms herein; and

(g)  any other person that the Parties agree to in writing.

7. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this stipulated protective order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects proprietary and/or commercially sensitive information, or any other type of confidential information;

(b) prejudice in any way the rights of the Parties to object to the production of documents that they consider not subject to discovery;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this stipulated protective order;

(d) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this stipulated protective order;

(e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential information; and

(f) prevent the Parties to this stipulated protective order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

8. If any party inadvertently produces "Confidential" documents, materials, items and/or information without marking them as such, they may be disclosed to others until the receiving party is notified of the error, unless it appears from the face of a document that it

contains non-public, confidential, proprietary, commercially sensitive, financial information of the producing party. As soon as the receiving party is notified, or becomes aware, of the inadvertent production, the documents, materials, items and/or information must be treated as "Confidential" under this stipulated protective order; must be treated as if they were timely designated as such; and the receiving party must endeavor in good faith to retrieve all copies of the documents, material, items and/or information which was distributed or disclosed by the receiving party to persons not authorized to have access to such information by this stipulated protective order, as well as copies made by such persons. Further, if any party inadvertently produces documents, materials, items and/or information which is privileged, as soon the receiving party is notified, or becomes aware of, the inadvertent production, the documents, materials, items and/or information which is privileged, including all copies thereof, immediately shall be returned to the party inadvertently producing it.

9. In the event that counsel for any party wishes to file pleadings containing Confidential Information or information derived therefrom, or any papers containing or disclosing such material or information, counsel shall request leave from the Court to file the pleadings under seal.

10. The designation of documents as "Confidential" is intended solely to facilitate the proceedings in this action. Any party may move the Court to remove the protection of this agreement on documents which that party feels have no basis for being kept Confidential after making a good faith attempt to resolve the disputed designation and providing seven (7) days written notice of its intent to so move to the designating party's counsel. In such a case, if the Court determines that the document(s) marked "Confidential" do not deserve that designation and determines that the documents so stamped should not have been designated as such, the

Court may, in its discretion, order the party who improperly made such designation to pay the challenging party's reasonable attorneys' fees for bringing such a challenge if it finds there was not a good faith basis for the designation.

11. Nothing herein shall prevent disclosure of Confidential Information beyond the terms of this agreement if the party providing the Confidential Information consents to such disclosure or if the Court, after notice to all affected Parties, orders such disclosure.

12. This Agreement does not otherwise restrict, modify or enlarge any party's discovery obligations or rights pursuant to the Federal Rules of Civil Procedure or applicable Local Rules.

13. The restrictions on the use and disclosure of Confidential Information contained herein shall not apply to information which any party receiving such information can show:

   (a) at the time of disclosure to the receiving party, such information was available to the public;

   (b) subsequent to the disclosure to the receiving party, the information becomes available to the public through no fault of the receiving party (including the officers or employees of the corporate party); or

   (c) was disclosed to the receiving party without any obligation of confidentiality prior to the filing of this action; or which was disclosed by someone, not a party to this action, who was in lawful possession of such information.

14. The Parties agree to be bound by the terms of this stipulated protective order and any violation of its terms shall be subject to the same sanctions and penalties as if the protective order had been entered by the Court.

15. The provisions of this stipulated protective order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion or termination of this action, including without limitation any appeals therefrom. Unless otherwise prohibited by state or local law, within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action (including any appeals or settlement), all persons having received information or material designated as "Confidential" shall return such materials and all copies thereof, however stored (including summaries and excerpts), to counsel for the producing party, or shall destroy all copies of such information and materials and provide written certification to counsel for the producing party that all such information or material has been destroyed. In the event of settlement or final disposition of this action, counsel for the Parties shall retrieve copies of all documents designated "Confidential" previously sent to their experts and/or witnesses and return such documents to counsel for the producing party within sixty (60) days after receiving notice of the entry of the order, stipulation, judgment or decree finally disposing of this action or provide to counsel for the producing party a written certification from their expert(s) and/or witnesses that all such information or material has been destroyed. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work-product (including pleadings, petitions, motions, deposition and trial transcripts, and attorney work-product that contain information or material designated "Confidential") provided that such counsel, and employees of such counsel, shall not disclose any information and material designated as "Confidential" to any person or entity except

pursuant to a written agreement with the producing party of the information or material.  All documents, materials, items and/or information returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

**DATED:  November 12, 2010**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**

# EXHIBIT "A"

| | |
|---|---|
| EDGAR TATE, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>JO GULLEY ANCELL, individually and in )<br>her official capacity as a manager for the )<br>Division of Rehabilitation Services ("DRS") of )<br>the State of Illinois; JEFF STANDERFER,<br>individually and in his official capacity as a<br>manager for DRS; AL FARMER, individually<br>and in his official capacity as a manager for<br>DRS; EUGENE DAVIS, individually and in<br>his official capacity as a manager for the<br>Department of Human Services ("DHS") of<br>the State of Illinois; LORIE HUMPHREY;<br>KIM EVANS; ADDUS HEALTHCARE,<br>INC.; and the DEPARTMENT OF HUMAN<br>SERVICES, DIVISION OF<br>REHABILITATION SERVICES,<br><br>        Defendants. | Case No. 3:08-CV-00200-DRH-DGW |

## UNDERTAKING CONCERNING MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the stipulated protective order dated _____, 2010 in the above-captioned action, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

_____   _____
Date   Signature