IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDGAR TATE,**

**Plaintiff,**

**v.**

**JO GULLEY ANCELL,**
**et al.,**

**Defendants.**  No. 08-0200-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is the Addus defendant's October 3, 2011 motion for costs (Doc. 125). Specifically, the Addus defendants move for fees and costs arguing that they are entitled to reasonable fees and costs as they are prevailing parties in regard to all of the civil rights claims filed against them and that those claims were frivolous, unreasonable and without foundation. As of this date, plaintiff has not responded to the motion.[1] Based on both the reasons stated in the motion and plaintiff's failure to respond to the motion (which the Court consider's as an admission of the merits of the motion), the Court grants the motion.

On September 1, 2011, the Court granted summary judgment in favor of all defendants against plaintiff in this case (Doc. 114). The Clerk of the Court entered

---

[1] "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Local Rule 7.1(c).

judgment on September 6, 2011 (Doc. 115) and an amended judgment on September 19, 2011 (Doc. 117). Thereafter, defendants filed various bills of costs (Docs. 118, 119 & 120) and plaintiff filed his notice of appeal on September 30, 2011 (Doc. 124). Subsequently, the Addus defendants filed the motion for costs and fees on October 3, 2011. The Court now turns to address the merits of the motion.[2]

## II. <u>Analysis</u>

Defendants seek an award of attorneys' fees under 42 U.S.C. § 1988. Section 1988 provides that "[i]n any action proceeding to enforce a provision of section[ ] ... 1983 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Although the language of the statute seems not to distinguish between prevailing parties, prevailing plaintiffs receive attorney's fees as a matter of course, but prevailing defendants only receive attorney's fees if the plaintiff's claim was 'frivolous, unreasonable, or groundless.' " *Khan v. Gallitano,* 180 F.3d 829, 836–837 (7th Cir.1999) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)); *Roger v. Whitmore's Auto Services, Inc. v.*

---

[2] A district court may act on certain matters after the filing of a notice of appeal, including attorney's fees and costs. *see* Fed.R.Civ.P. 60(a) (addressing correction of clerical errors in judgments or orders); *Kusay v. United States,* 62 F.3d 192, 194 (7th Cir.1995) ("district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause"); *Patzer v. Board of Regents of Univ. of Wisc. Sys.,* 763 F.2d 851, 859 (7th Cir. 1985) (notice of appeals does not affect court's power to act on petition for attorney fees). However, a district court may not address those issues involved in the appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. at 58; *May v. Sheahan,* 226 F.3d 876, 879 (7th Cir. 2000).

*Lake County, Illinois*, 424 F.3d 659, 675 (7th Cir. 2005). Attorney's fees may similarly be awarded where a party continued to litigate after it became clear that its claims were frivolous, unreasonable, or groundless. *Christiansburg Garment Co..,* 434 U.S. at 422.

In order to prevail in its motion for attorney's fees defendants must show first that they are prevailing parties under the statute. Defendants are not required to show bad faith, either subjective or objective, on part of the plaintiff in order to recover § 1988 attorney's fees. *Munson v. Milwaukee Bd of Sch. Directors*, 969 F.2d 266, 269 (7$^h$ Cir. 1992). While a final judgment on the merits is not required, in order to be a "prevailing party" a defendant must have "established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). "[T]he 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.' " *Citizens for a Better Env't* 230 F.3d. at 929 (quoting *Texas State Teachers Association v. Garland Independent School District,* 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). Where a defendant wins a victory on a jurisdictional or procedural point that merely prolongs litigation a party is typically not a "prevailing party." *Citizens for a Better Env't,* 230 F.3d. at 929–930. Rather, "a defendant prevails by securing an entitlement not to have any change in legal relations." *Id.* Such an entitlement may be shown by a victory on the merits or by a dismissal with prejudice, including one on jurisdictional grounds. *Id; Walker v. Calumet City, Ill.,* 565 F.3d 1031, 1033-34 (7th Cir. 2009)("to be deemed

a prevailing party, there must be a 'material alteration in the legal relationship of the parties.'"); *see also Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855, ----, 149 L.Ed. 855 (2001) (party prevails when "plaintiff has received a judgment on the merits").

Under the circumstances of this case, the Court finds that fees are warranted as this case was more than just weak, it was frivolous. *See Roger Whitmore's Auto.*, 423 F.3d at 675-76; Kahn, 180 F.3d at 837 ("There is a significant difference between making a weak argument with little chance of success ... and making a frivolous argument with no chance of success."). As stated previously in its Order granting summary judgment, the Court found the following as to Tate's claims against the Addus defendants:

> (1) "[t]here is no evidence that Addus, Evans or Humphrey took any adverse actions against Tate. The Addus defendants did not terminate him, suspend him, or discipline him. Nor did the Addus defendants reduce his compensation or employment benefits or alter his job responsibilities;"
> (2) "[w]hen asked about the alleged conspiracy, Tate repeatedly testified that he had no personal knowledge of when, where or how the conspiracy was formed, or whether he knew if the defendants had ever communicated at all regarding a plan to punish plaintiff;"
> (3) Plaintiff's § 1981 § 1983 retaliation claims "fails as a matter of law," because he did not alleged that he was retaliated against on the basis of his race; and
> (4) Plaintiff "has no direct evidence, nor does the record establish that any of the alleged actions ... were taken against him because he is Hispanic. Tate admits that the has no proof of any conspiracy between DRS and Addus. Further, he has no proof ... anyone took any actions against him based on race."

(Doc. 26. ps. 22-26). Thus, these claims against the Addus defendants were frivolous and pursued without any factual or legal basis.

### III. Conclusion

Accordingly, the Court **GRANTS** the Addus defendants' motion for fees and costs (Doc. 125). The Court **DIRECTS** the Addus defendants to file its fee petition on or before February 24, 2012. The fee petition shall include an affidavit that clearly sets out the hours expended by their attorney and a basis for the hourly rate charged.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2012.

David R. Herndon
2012.02.10
15:51:59 -06'00'

**Chief Judge**
**United States District Court**