IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDGAR TATE,

Plaintiff,

v.

JO GULLEY ANCELL,
et al.,

Defendants.                                                    No. 08-0200-DRH

MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I. Introduction

Now before the Court is Tate's motion to reconsider the award of attorney's fees to Addus (Doc. 134 ). Based on the following, the Court denies the motion to reconsider.

On February 10, 2012, the Court granted the Addus defendants' motion for attorneys' fees and costs and ordered them to file a fee petition setting forth the hours expended and the basis for the hourly rate (Doc. 130). Thereafter, the Clerk of the Court taxed costs against Tate for $915.10 (Doc. 131); $1072.75 (Doc. 132); and $1981.85 (Doc. 133). Tate did not object to any of the bills of costs nor did he file an objection/response to the Addus defendants' motion for attorneys' fees and costs.[1] In response to the Court's February 10, 2012 Order, Tate filed a motion to

---

[1] In granting the motion for fees and costs, the Court, pursuant to Local Rule 7.1(g), construed Tate's failure to respond as an admission to the merits of the motion. Further, the

reconsider the award of attorney's fees to Addus (Doc. 134).² The Addus defendants oppose the motion (Doc. 138).

Although they are frequently filed, the Seventh Circuit describes a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States,* 43 F.3d 1140, 1142 n. 2 (7th Cir.1994). *See also Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 760 n. 1 (7th Cir. 2001) ("Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure."). This type of motion "is a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir.2004) (internal quotation omitted). Thus, a court "may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *U.S. v. Ligas,* 549 F.3d 497, 501 (7th Cir.2008). In *Frietsch v. Refco, Inc.,* 56 F.3d 825 (7th Cir.1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

---

Court found that the Addus defendants were entitled to the fees and costs based on the merits.

²In his motion, Tate does not state which Federal Rule of Civil Procedure applies to his motion nor does he cite any case law that applies to his motion.

56 F.3d at 828. *See also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir.2000) (stating that a party cannot use a motion to reconsider "to introduce new evidence that could have been presented earlier").

There are two ways in which a Court may analyze a Motion to Reconsider, under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion for reconsideration is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b).[3] *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir.1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the

---

[3]Prior to 2009, the time period for filing the motion was ten days.

moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir.1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,' " the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006).

Here, the Court finds that Rule 59(e) does not apply as there is no newly discovered evidence nor has there been a manifest error of law or fact. The Court remains convinced of the correctness of its decision. Further, Plaintiffs's counsel asks the Court reconsider the Order based on his neglect of this litigation. It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.,* 32 F.3d 1114, 1116 (7th Cir.1994)). "Excusable neglect" within the meaning of the Rule can include omissions through an attorney's carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354, 359 (7th Cir.1997) (citing *Matter of Bulic,* 997 F.2d 299, 302 (7th Cir.1993)). However, "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Harrington,* 433 F.3d at 546 ( *quoting Easley v. Kirmsee,* 382 F.3d 693,698 (7th Cir. 2004)).

Here, Plaintiffs's counsel clearly was inattentive in responding the motion for fees and costs. His attorney contends that he did not answer the motion because he

was in Baltimore with his mother, who had a cerebral hemorrhage in September 2011, and he did not see the motion. Specifically, he states:

> "The Plaintiff's attorney's mother lives in Baltimore and the Plaintiff's attorney spent much time at the Hospital in Baltimore after her stroke. He was aware of the three motions for Bills of Cost, filed by the three groups of Defendants, and did not oppose them. But he thought that was the end of it. He never even saw the Addus Defendants' separate Motion for Attorney's fees." Of course, the Addus Defendants did not file this Motion until after the Plaintiff's attorney filed his appeal and the Appellate Court took jurisdiction of the case, so Plaintiff's attorney was not actively looking for such a Motion. He was in Baltimore at the time and (understandably) distracted by personal matters. Still, Plaintiff's attorney acknowledges error on his part."

The motion for attorneys' fees was filed on October 3, 2011 (Doc. 125) and the Court ruled on the motion four months later after no response by plaintiff. Plaintiff's counsel does not explain why he did not file a response or why he did not request an extension of time to respond prior to the Court's ruling except to say that he "never even saw" the motion. The record indicates that from October 3, 2011 to February 13, 2012, plaintiff's attorney filed numerous documents with the Seventh Circuit Court of Appeals regarding the pending appeal. While the Court is sympathetic to plaintiff's counsel's mother's condition and understands the need for plaintiff's counsel to be with his mother during this time, his explanation for not responding does not hold water based on the fact that counsel continued to litigate his case in the Seventh Circuit Court of Appeals. It seems more likely that he saw the motion and he did not think that he needed to respond to the motion based on the pending

appeal.[4] "The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 133 (7th Cir. 1996). This cannot be a basis for excusable neglect and does not constitute exceptional circumstances.

Plaintiff's counsel also states that it was premature of the Court to award attorneys' fees to the Addus defendants as the case is on appeal. Specifically, he states that reasons offered by the Court in granting the motion for summary judgment and the motion for fees are the same issues that have been raised on appeal, thus the Seventh Circuit has jurisdiction over these issues. The Court rejects this argument.

In *Terket v. Lund,* 623 F.2d 29 (7th Cir.1980), the Seventh Circuit addressed whether a district court should award attorneys' fees while a matter is pending on appeal, and stated a clear preference for resolution of fee disputes while an appeal is pending as the best way to avoid piecemeal appeals. *Id.* at 34 (stating that "in the majority of cases, piecemeal appeals may well be caused by preventing district courts from ruling even on prompt post-judgment fee motions after a notice of appeal is filed"). Clearly, the Court has jurisdiction to consider the motion for attorneys' fees and it was not premature to rule on the motion.

---

[4]Defendants' counsel Carmen Couden averred that on December 21, 2011, she sent an email to plaintiff's counsel informing him that the motion for fees was pending and that the Addus defendants would withdraw their motion for attorneys' fees if plaintiff was willing to forgo his appeal. That same day, plaintiff's counsel asked the Seventh Circuit reconsider its Order striking plaintiff-appellant's brief.

Accordingly, the Court denies Tate's motion to reconsider the award of attorney's fees to Addus (Doc. 134).

**IT IS SO ORDERED**.

Signed this 21st day of May, 2012.

Digitally signed by David R. Herndon
Date: 2012.05.21 10:48:30 -05'00'

**Chief Judge**
**United States District Court**